UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRETT WADHAM, et al | * | CIVIL ACTION NO. 23-5064 |
| Plaintiffs | * | c/w 23-5065 |
| | * | SECTION "T" (5) |
| VERSUS | * | JUDGE GREG G. GUIDRY |
| BRUNO, INC., et al | * | MAGISTRATE JUDGE |
| | * | MICHAEL NORTH |
| Defendants | * | |

## ORDER AND REASONS

The Court has before it Plaintiffs Brett Wadham, Brian Pellegal, Jasheika Jackson, and Wanya Major's (collectively "Plaintiffs") Motion for Partial Summary Judgment. R. Doc. 30. Plaintiffs argue no genuine issues of material fact exist precluding the Court from making a pretrial determination that Defendants Bruno, Inc., MW Servicing, LLC, WBH Servicing, LLC, West Bank Holdings II, and Joshua Bruno (collectively, "Defendants") are liable to Plaintiffs for the violations of the Fair Labor Standards Act (FLSA), specifically 29 U.S.C. §§ 206 and 207, and the Louisiana Wage Payment Act (LWPA), La. R.S. 23:631–32, asserted in their complaint. *See* R. Docs. 30-2, 1.  In opposition, Defendants point out, *inter alia*, that the Court has already denied a substantially identical motion in *Moore v. MW Servicing, LLC*, filed by the instant Plaintiffs and others prior to Plaintiffs' dismissal without prejudice from that suit and subsequent refiling of their claims in the above-captioned action. *See* R. Docs. 31, 31-1; *see also* Case No. 2:20-cv-00217, R. Doc. 240.

Plaintiffs are correct that the Court's denial of partial summary judgment as to liability in *Moore* does not operate as a prior ruling on the instant Motion, despite rejecting effectively the

1

same arguments raised by the same plaintiffs as to the same claims, since that denial was not issued until after Plaintiffs' dismissal from *Moore*. *See* R. Doc. 32. However, Plaintiffs now present no new fact or argument compelling the Court to reconsider its conclusions, equally applicable here, that Plaintiffs have failed to show that no genuine issue of material fact remains as to, at least, (1) whether an employer-employee relationship existed between each Plaintiff and each Defendant to this suit; and (2) whether each Defendant constitutes an enterprise engaged in interstate commerce. Although Plaintiffs do present compelling evidence supporting many aspects of their claims, these are key facts Plaintiffs must prove to establish Defendants' liability. Thus, for the same reasons as previously explained in *Moore*, Plaintiffs have not shown entitlement to the partial summary judgment they seek. *See* R. Doc. 31-1. Accordingly;

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment, R. Doc. 30, is **DENIED**.

New Orleans, Louisiana, this 22nd day of July, 2024.

_____
Greg Gerard Guidry
United States District Judge